IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KEVIN ROBERTSON, JENNY ROSE,
and KATHY COLLINS, individually and
on behalf of all others similarly situated,

                Plaintiffs,

v.                                                                    CIVIL ACTION NO. 3:16-2113

CAROLYN W. COLVIN, in her official
Capacity as Acting Commissioner of the
Social Security Administration,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiffs' Motion for Preliminary Injunction. ECF No. 12. For the reasons set forth below, Plaintiffs' Motion is DENIED.

**I.     Background**

      As indicated in the Complaint, Plaintiffs filed this instant suit on March 4, 2016, in order to "challenge the process by which Defendant is acting to redetermine their entitlement to Social Security disability benefits and Supplement Security Income benefits." ECF No. 1, at 1. These benefits had previously been awarded to Plaintiffs between 2007 and 2011 based on final decisions by Administrative Law Judges ("ALJ"s) based out of the Huntington hearing office for the Social Security Administration. *Id.* at 1–2. This lawsuit arises out of an investigation conducted by the Office of Inspector General ("OIG") that allegedly began sometime before 2006. *Id.* at 2. "This investigation has purportedly inquired into actions of attorney Eric C. Conn, a Kentucky disability lawyer, David B. Daugherty, a former Social Security Administration ALJ, four doctors who

provided medical examination reports in disability proceedings between 2007 and 2011, and other individuals not known to Plaintiffs." *Id.* Following this investigation the OIG issued a referral and the Social Security Administration ("SSA") began the abovementioned redetermination process.

Plaintiffs' instant motion moves the Court to grant a preliminary injunction in favor of the Plaintiffs, requesting that the Court "preserve a reasonable status quo until the rights of the parties can be reasonably determined." ECF No. 13, at 30.

## II. Standard for Injunctive Relief

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendent lite* of the type available after the trial." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated*, 130 S. Ct. 2371 (2010), *reinstated in part*, 607 F.3d 355 (4th Cir. 2010). "Granting the ultimate relief requested, even temporarily, at an early point in the case, often prior to the issues even being joined in the pleadings, seems rightly reserved for only the most compelling of cases." *Dewhurst v. Century Aluminum Co.*, 731 F. Supp. 2d 506, 514 (S.D.W. Va. 2010). In order to obtain a preliminary injunction, a party must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As such, the party seeking to obtain a preliminary injunction "must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Dewhurst,* 731 F. Supp. 2d at 515 (internal citations omitted).

## III. Discussion

A. Plaintiff Rose and Plaintiff Collins

The Court denies a preliminary injunction in favor of Plaintiff Rose and Plaintiff Collins because these Plaintiffs fail to satisfy the first element of the preliminary injunction standard. The Court finds these Plaintiffs are unlikely to succeed on the merits because they have failed to exhaust their administrative remedies pursuant to 42 U.S.C. § 405(g), and therefore it is unlikely the Court has jurisdiction over them. Section 405(g) states that an individual may obtain judicial review of a decision in district court only after a "final decision of the Commissioner of Social Security [is] made after a hearing to which he was a party." *Id.* Plaintiffs do not dispute that they do not have a final decision and, therefore, have not fully exhausted their administrative remedies pursuant to the statute.[1] As such, Plaintiff Rose and Plaintiff Collins are unlikely to succeed on the merits of their claims, and their Motions for Preliminary Injunction are DENIED.

B. Plaintiff Robertson

The parties do not dispute that Plaintiff Robertson has exhausted all of his administrative remedies pursuant to 42 U.S.C. § 405(g). Thus, the Court turns to Plaintiff Robertson's argument regarding a preliminary injunction.

Here, Plaintiff Robertson provides a plethora of reasons supporting the likelihood of his success on the merits. These arguments, in summary, contend that the redetermination process outlined in 42 U.S.C. § 405(u) violates the Social Security Act, the Administrative Procedure Act, and the United States Constitution. The Court finds, however, that Plaintiff Robertson has failed to satisfy the burden required for this instant motion. As previously noted, preliminary injunctions

---

[1] Plaintiffs Rose and Collins argue that, although they have not exhausted their administrative remedies, exhaustion should be excused. This issue has not been fully briefed, and the merits of this issue are better addressed after a motion to dismiss. As such, the Court will consider this argument in due time; however, this contention alone is not enough to meet Plaintiffs' burden of establishing that they are likely to succeed on the merits of their claims as required for their instant motion requesting a preliminary injunction.

are an "extraordinary remedy"[2] requiring a "clear showing"[3] that, among other things, Plaintiff Robertson is likely to succeed on the merits of his case. After careful review of the statute in question, 42 U.S.C. § 405(u), the Court finds that this burden of persuasion for injunctive relief has not been met.

With the caveat that the Court does not reach the merits of Plaintiff Robertson's arguments and claims at this juncture, the Court summarizes its reasons for concluding that Plaintiff Robertson has not met his burden. First, Plaintiff Robertson asserts that Defendant carried out a "reopening" of his claim but failed to follow the regulating procedures required to "reopen" a claim. The Court finds this argument unconvincing. Here, Defendant is exercising authority under 42 U.S.C. § 405(u), following a referral by the OIG pursuant to 42 U.S.C. § 1320a-8. As parts of the same legislative enactment, these statutes provide Defendant with authority to redetermine a claim when there is "reason to believe" fraud was involved. 42 U.S.C. § 405(u). Congress labeled this authority a "redetermination"; therefore, Defendant need not act under the authority required to "reopen" a claim.

Further, the Court doubts the viability of Plaintiff Robertson's attack on the timeliness of Defendant's actions. Read together, these statutes provide that the OIG referral triggers the Defendant's redetermination of the claim. The specific referral in this action was made recently, not when the alleged fraud was originally suspected or even established. ECF No. 24, Ex. 1, at 5. Additionally, the Court questions the basis for asserting a violation of the APA. Not only does the statute provide Defendant with explicit authority, but the HALLEX and other Social Security Rulings, as referenced by Plaintiff Robertson, are not subject to notice and comment rulemaking.

---

[2] *Real Truth About Obama*, 575 F.3d at 345.
[3] *Dewhurst,* 731 F. Supp. 2d at 515 (internal citations omitted).

*Schweiker v. Hansen*, 450 U.S. 785, 789 (1981); *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995); *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995). Therefore, the process for redetermination, as outlined in 42 U.S.C. § 405(u), does not appear to violate the notice and comment provisions under the APA or the due process requirements under the United States Constitution.

Thus, although Plaintiff Robertson's arguments will be considered in full during the motion to dismiss phase of this litigation (at which point the Court notes a different standard of review applies), Plaintiff Robertson's arguments in this instant motion, requesting relief "reserved for only the most compelling of cases,"[4] fail to 'clearly show' the likelihood of Plaintiff Robertson's success on the merits.[5] As such, Plaintiff Robertson's Motion for Preliminary Injunction is DENIED.

### IV.   Conclusion

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction (ECF No. 12) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   June 17, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[4] *Dewhurst,* 731 F. Supp. 2d at 514.
[5] Because the Court finds that Plaintiff Robertson (similar to Plaintiff Rose and Plaintiff Collins discussed infra) has failed to meet the first element of the preliminary injunction standard, the Court will not discuss the remaining elements necessary to obtain such relief.